James M. Piotrowski
Marty Durand
HERZFELD & PIOTROWSKI, LLP
P.O. Box 2864
Boise, Idaho 83701
(208)331-9200
Fax: (208)331-9201
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE TRUSTEES OF THE EIGHTH DISTRICT ELECTRICAL PENSION FUND, DELINQUENCY COMMITTEE OF THE EIGHTH DISTRICT ELECTRICAL PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>GIETZEN ELECTRIC, INC.,<br><br>Defendant. | Case No.<br><br>COMPLAINT |

Plaintiffs, by and through their undersigned attorneys, for their Complaint against Defendants, allege and aver as follows:

### I. NATURE OF ACTION

1. Plaintiffs seek to enforce obligations arising under certain Trust Agreements, the provisions of the Employee Retirement Income Security Act ("ERISA"), certain contracts, and certain Collective Bargaining Agreements. Defendant Gietzen Electric, Inc. ("Gietzen"), failed to make trust contributions required to provide health, welfare and retirement benefits to its employees.

COMPLAINT - Page 1

Plaintiffs seek to enforce those obligations.

## II. JURISDICTION AND VENUE

2. This is a civil action under 29 U.S.C. §1132(a)(3) to enforce 29 U.S.C. §1145 and the terms of the collective bargaining agreements.

3. Jurisdiction is conferred on the Court by 29 U.S.C. §1132(e)(1), 29 U.S.C. §185(a) and 28 U.S.C. §1331. Supplemental jurisdiction over claims arising under state laws, if any, is conferred on the Court by 28 U.S.C. §1367.

4. A substantial part of the acts and omissions giving rise to the action occurred within the State of Idaho. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e)(2).

## III. PARTIES

5. Plaintiffs Trustees of the Eighth District Electrical Pension Fund ("Pension Fund") are trustees for and fiduciaries of the Eighth District Electrical Pension Plan and the Eighth District Electrical Pension Fund Annuity Plan. The Eighth District Electrical Pension Plan and the Eighth District Electrical Pension Fund Annuity Plan are multiemployer plans as defined in 29 U.S.C. §1002(37)(A).

6. Plaintiffs Delinquency Committee of the Eighth District Electrical Pension Fund is a duly-constituted committee of the Trustees of the Eighth District Electrical Pension Fund. The Delinquency Committee is authorized and empowered to bring claims for delinquent contributions on behalf of the Eighth District Electrical Benefit Fund ("Benefit Fund"), the National Electrical Benefit Fund ("National Benefit Fund"), the Idaho Electrical Joint Apprenticeship and Training Fund ("JATC"), the International Brotherhood of Electrical Workers, Local 449 ("Local 449") and the Southwest Idaho Chapter National Electrical Contractors Association ("NECA").

7.  Defendant Gietzen Electric, Inc., is an Idaho corporation working as an electrical contractor in the State of Idaho.

### IV. FACTS COMMON TO ALL CAUSES OF ACTION

8.  On or about May 1, 1999, Robert Geitzen, President, executed on behalf of Gietzen a "Letter of Assent" by which Gietzen agreed to be bound by all of the provisions of a collective bargaining agreement ("CBA") negotiated by Local 449 and NECA known as the Eastern Counties Inside Wireman Agreement. In addition and by the same document, Gietzen agreed to be bound by all successor Inside Wireman Agreements unless appropriate and timely notice of termination was given. At all times material hereto, Defendant Gietzen conducted an electrical contracting business.

9.  The Letters of Assent executed by Gietzen required that in order to terminate its agreement to be bound by and signatory to the Inside Wireman Agreement a notice of intended termination must be given at least one hundred fifty days prior to expiration of the Inside Wireman Agreement. The Inside Wireman Agreement itself provided that it could be terminated only upon the giving of notice at least 90 days prior to its own expiration. Nothing in either agreement permitted termination of the Inside Wireman Agreement during its term, but only upon its expiration, and subject to its requirements and provisions.

10. Gietzen withdrew from the Agreement effective June 1, 2008.

11. Pursuant to those CBA's, Gietzen was and is obligated to pay fringe benefits via contributions to the various trust funds described in the CBA's based upon either the hours worked by employees of Gietzen who performed work covered by the CBA's, a percentage of the gross wages of such employees, or a percentage of Gietzen's gross monthly labor payroll (collectively referred to hereinafter as the "contributions"), including without limitation, contributions to the

COMPLAINT - Page 3

following multi-employer funds:

    (a)  National Electrical Benefit Fund;

    (b) Eighth District Electrical Pension Fund;

    (c) Eighth District Electrical Pension Fund Annuity Plan;

    (d) Eighth District Electrical Benefit Plan;

    (e) NECA-IBEW National Labor-Management Cooperation Fund;

    (f) Joint Apprenticeship and Training Fund.

    (collectively referred to hereinafter as "the Funds").

12.     The CBA's required that, along with the contributions for the benefit and pension funds, Gietzen was obligated to transmit amounts withheld from the wages of covered employees to pay union dues.

13.     The CBA's incorporate by reference the trust agreements establishing the Funds (the "Trust Agreements").  The Trust Agreements govern the operation of the Funds.

14.     Defendant Gietzen is obligated by the CBA's to complete and file monthly reports containing the names of Gietzen's various employees performing work covered by the CBA's, the number of hours worked by and the wages of each employee, the gross monthly labor payroll of Gietzen and the amount of contributions payable under the CBA's.

15.     An audit was performed In January, 2010, covering the time January 1, 2004 through May 31, 2008.

16.     Gietzen has defaulted in its obligations under the CBA's and the Trust Agreements and has failed to pay all of the required fringe benefit contributions.  Gietzen is now indebted to the Funds and Local 449 in a total amount that is approximately $80,228.40, as of February 15, 2010,

COMPLAINT - Page 4

inclusive of interest.

17. Gietzen has defaulted in its obligations under the CBA's to make payment for fringe benefits, has failed to remit amounts deducted from employees' wages and owed to Local 449 for payment of Union dues.

18. The Trust Agreements and/or the rules and regulations of the Funds fix the rate of interest and/or liquidated damages on unpaid contributions and authorize an audit of the books and records of employers to ascertain the amount of contributions owed by employers obligated to pay contributions to the Funds.

19. Pursuant to the terms of the Trust Agreements and CBA's, Defendant Gietzen is responsible to the Funds and Local 449 for reasonable attorney fees, expert witness fees, liquidated damages, interest, audit costs and other costs incurred in the collection of Contributions.

20. Pursuant to the terms of the CBA's, Trust Agreements and/or rules and regulations of the Funds and 29 U.S.C. §1132(g)(2), Defendant Gietzen is obligated to pay the following liquidated amounts and interest on unpaid contributions, including contributions delinquently paid after this action is filed to the following Funds:

| FUND | INTEREST | LIQUIDATED DAMAGES |
|---|---|---|
| Eighth District Electrical Pension Fund | Eighteen percent (18%) per annum | Twenty percent (20%) of the unpaid contributions or eighteen percent (18%) per annum, whichever is greater |
| Eighth District Electrical Pension Fund Annuity Plan | Eighteen percent (18%) per annum | Twenty percent (20%) of the unpaid contributions or eighteen percent (18%) per annum whichever is greater |
| Eighth District Electrical Benefit Fund | Eighteen percent (18%) per annum | Twenty percent (20%) of the unpaid contributions or eighteen percent (18%) per annum whichever is greater |
| Idaho Joint Apprenticeship and Training Fund | Interest at the statutory rate, 29 U.S.C. §1132(g)(2) | Statutory liquidated damages, 29 U.S.C. §1132(g)(2) |
| National Electrical Benefit Fund | Ten percent (10%) per annum | Twenty percent (20%) of the unpaid contributions |
| NECA-IBEW National Labor-Management Cooperation Fund | Ten percent (10%) per annum | Fifteen percent (15%) of the unpaid contributions |

21. All conditions precedent have been performed or have occurred.

**FIRST CAUSE OF ACTION**

**FOR UNPAID CONTRIBUTIONS, INTEREST AND LIQUIDATED DAMAGES**

22. Plaintiffs incorporate paragraphs 1 through 21 as if fully set forth herein.

23. Pursuant to the CBA's, the Trust Agreements and 29 U.S.C. §§185, 1132(a)(3), 1132(g)(2) and 1145, Plaintiffs are entitled to the amount of penalties, liquidated damages and interest owed; to a judgment for all unpaid contributions, liquidated damages, penalties, interest,

costs of audit, and attorney fees.

WHEREFORE, plaintiffs pray for judgment against Defendants as follows:

      (a)    For all unpaid contributions;

      (b)    For all unpaid union dues;

      (c)    For all interest and liquidated damages pursuant to the CBA's, Trust Agreements, Trust rules and regulations, and/or pursuant to statute;

      (d)    For Plaintiffs' attorney fees and costs;

      (e)    For costs of audit;

      (f)    For all other relief prayed for and/or which the Court deems just and proper.

Dated this 23rd day of December, 2010.

HERZFELD & PIOTROWSKI, LLP

_____/s/_____
By: Marty Durand
Of the Firm
Attorneys for Plaintiffs